UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-301-H

G&I V OXMOOR, LLC  PLAINTIFF

V.

ALICE A. BODEN, ET AL.  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, G&I V Oxmoor, LLC, has filed suit against Defendants, Alice A. Boden, Philip Arterburn, and Nancy A. Branch, seeking declaratory relief concerning the terms of a ground lease entered into between the parties. Plaintiff moved for an immediate summary declaration of their rights and the Court held a conference to hear counsel's excellent argument on various issues. For the reasons that follow, the Court will sustain the motion in part.

I.

On June 30, 1997, Defendants entered into a ground lease (the "Lease") with Camden Subsidiary, Inc. ("Camden"). Camden constructed and owned a 430 unit residential apartment complex (the "Apartments") which sits on the leased premises (the "Property"). In 2006, Camden sold the Apartments to Plaintiff, which also took an assignment of the Lease.

The Lease provides that Plaintiff may sell the Apartments to a third party so long as it offers the Apartments first to Defendants. Specifically, Section 10.01(b)(iv) of the Lease provides:

> [N]o assignment of this Lease and the interest of [Plaintiff] in this Lease and no sale or transfer of all or substantially all of the Apartments shall be effective...unless [Plaintiff] shall have given [Defendants] a notice of right of first offer, which shall set forth a purchase price, closing date, and any other terms

> deemed material by [Plaintiff], and which shall grant [Defendants] not less than thirty (30) days to accept such offer, and [Defendants] ha[ve] failed to so accept such offer, following which [Plaintiff] shall be entitled to enter into an assignment, transfer or sale within one (1) year after the date [Defendants] failed to accept for a purchase price not less than ninety percent (90%) of the amount set forth in such notice.

In addition, Section 3.03 of the Lease provides that Plaintiff may purchase the Property "provided such purchase is made in conjunction with a sale of [the Apartments]." These are the key lease provisions which concern the parties.

On March 17, 2011, Plaintiff conveyed an offer to Defendants to purchase the Apartments for $37,755,000.00, with a closing date of May 31, 2011, and an acceptance deadline of April 19, 2011. In addition, the offer included two other terms: (1) an earnest money deposit of $755,100.00 to be paid one business day after the date of acceptance; and (2) closing costs consisting of a $1,400,000 leasehold mortgage prepayment penalty and $15,000 in transaction and release fees related to the mortgage.

Defendants requested additional information, primarily regarding Plaintiff's methodology in arriving at the purchase price. Plaintiff explained that it intended to sell the Apartments as part of a portfolio sale that included several other apartment complexes. Plaintiff also provided letters of intent from potential buyers that included various purchase prices for the Apartments ranging from $37,650,000.00 to $40,000,000.00. On May 12, 2011, long after the acceptance deadline had passed, Defendants sent a letter purporting to accept the offer.

Plaintiff asks this Court to declare, as a matter of law, that it made a valid offer and that Defendants did not accept the offer in a timely manner. It also asks that the Court to declare that, as a result of the fact that Defendants did not accept the offer, it is entitled to sell the Apartments and to purchase the Property in conjunction with the sale of the Apartments pursuant

to the remaining conditions in the Lease. For the reasons that follow, the Court finds that the first part of the request is appropriate and the latter part premature.

II.

Plaintiff's March 17 offer satisfies the Lease by including a purchase price and a closing date and by giving Defendants at least thirty days to accept. Defendants did not accept the offer by the April 19, 2011 deadline. Defendants have requested discovery on the issue of the offer's validity. They argue that the implied covenant of good faith and fair dealing requires Plaintiff to explain the methodology used to determine the offered purchase price.[1] The theory behind this argument is that because a portfolio sale creates the likelihood for price manipulation, Plaintiff should provide proof as to the absence of such manipulation. Indeed, under Kentucky law, "in every contract, there is an implied covenant of good faith and fair dealing." *Ranier v. Mount Sterling Nat'l Bank*. 812 S.W.2d 154, 156 (Ky. 1991). Moreover, at least one court has recognized the potential for price manipulation in the context of portfolio sales or "package pricing." *See Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 143 (3d Cir. 2001). For the reasons that follow, however, the Court needs no further discovery to determine that Plaintiff's actions thus far comply with the Lease.

The Lease does not require that Plaintiff place Defendants on an equal footing with other potential buyers. Neither the Lease nor any covenant of good faith and fair dealing requires Plaintiff to explain its methodology for calculating the offered price at this time. The only Lease requirement appears to be that Plaintiff sell the Apartments for a price at least ninety percent of

---

[1] In their brief, Defendants also argue that the implied covenant of good faith and fair dealing requires Plaintiff to include additional terms in the offer. However, the conference in chambers focused primarily on the price manipulation issue. Furthermore, the Court was not persuaded by this argument.

that amount offered to Defendants. In this way, the pertinent Lease provisions create an interesting and delicate balance of rights between lessor and lessee. That requirement provides a means of protecting Defendants from any improper price manipulation. Regardless, any argument that Plaintiff has engaged in price manipulation is merely speculative at this point.

Plaintiff's request that the Court declare its right to purchase the Property and/or sell the Apartments pursuant to the remaining conditions in the Lease seems premature. Having declared, as a matter of law, that Plaintiff has presented a valid offer and that Defendants did not accept it, the Court need not declare further what the Lease provides or requires. If Plaintiff meets the remaining conditions set forth in the Lease, it may well, subject to other argument, purchase the Property and/or sell the Apartments. Only when Plaintiff is prepared to exercise those rights, could this Court or another one evaluate Plaintiff's compliance with the explicit terms of the Lease as well as any covenant of good faith implied therein.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion is SUSTAINED IN PART and it is hereby declared that

(1) Plaintiff made a valid offer under the terms of the Lease; and

(2) Defendants did not accept the offer under the terms of the Lease.

IT IS FURTHER ORDERED that on or before **August 4, 2011**, the parties shall advise the Court if any further action is necessary in this case.

cc: Counsel of Record